ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| FIRSTBANK DE PUERTO RICO<br><br>Recurrida<br><br>v.<br><br>JORGE CARLO SÁNCHEZ MARCHOSKY<br><br>Peticionario | KLCE202400372 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2017CV03009<br><br>Sobre: Cobro de Dinero y Ejecución de Hipoteca |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 4 de abril de 2024.

Comparece el Sr. Jorge Carlo Sánchez Marchosky (en adelante, señor Sánchez Marchosky o peticionario), mediante un *Recurso de Certiorari*, para solicitarnos la revisión de la *Orden* emitida y notificada el 8 de febrero de 2024, por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, foro primario o TPI). Mediante la *Orden* recurrida, el foro primario determinó que, aun cuando no se paralizó el caso en julio de 2023, las actuaciones de las partes, así como las del Tribunal, tuvieron el efecto de reactivar el caso y reanudar los procedimientos.[1] A su vez, solicita la revisión de la *Resolución* emitida el 29 de febrero de 2024, y notificada el mismo día. Mediante el referido dictamen, el foro primario declaró No Ha Lugar la *Moción de reconsideración y en solicitud de referido a mediación* de la parte demandada.[2]

---

[1] Apéndice del recurso, a la pág. 252.
[2] *Id.*, a la pág. 263.

Número Identificador

RES2024_____

Por los fundamentos que expondremos, se *deniega* la expedición del auto de *Certiorari*.

El 26 de diciembre de 2017, Firstbank Puerto Rico (en adelante, Firstbank o recurrida) presentó una *Demanda* por ejecución de hipoteca y cobro de dinero contra el señor Sánchez Marchosky.[3] Tras varios incidentes procesales los cuales no son necesarios pormenorizar, el 22 de junio de 2022, Firstbank presentó una *Moción solicitando sentencia sumaria.*[4] Por su parte, el 18 de abril de 2023, el señor Sánchez Marchosky presentó su *Oposición a solicitud de sentencia sumaria.*[5] En lo pertinente, el 31 de julio de 2023, el foro primario emitió y notificó una *Resolución*, en la cual paralizó los procedimientos en el caso del título por 45 días, dado que el peticionario había activado el proceso de mitigación de pérdidas. A se vez, aclaró que, pasados los 45 días, debían informar al Tribunal el curso a seguir del caso.[6]

Así las cosas, el 30 de agosto de 2023, Firstbank presentó una *Moción solicitando continuación de los procedimientos.*[7] En síntesis, alegó que activó el proceso de mitigación de pérdidas el 28 de julio de 2023 y, no aceptó la oferta transaccional que le remitió el peticionario. Por su parte, el 7 de septiembre de 2023, el señor Sánchez Marchosky presentó su *Moción en oposición a continuación de los procedimientos y sobre nulidad de dichos procedimientos.*[8] Arguyó que, la recurrida no le informó la denegatoria de la oferta de transacción. Asimismo, señaló que Firstbank no le ofreció todas las alternativas de mitigación de pérdidas existentes en el mercado para conservar su vivienda principal. Enfatizó que, dicho proceder constituyó una actuación de mala fe.

---

[3] Apéndice del recurso, a las págs. 1-10.
[4] *Id.*, a las págs. 103-162.
[5] *Id.*, a las págs. 171-192.
[6] *Véase*, entrada Núm. 107 del Sistema Unificado de Manejo y Administración de Caso (SUMAC).
[7] Apéndice del recurso, a la pág. 213.
[8] *Id.*, a las págs. 214-222.

Tras celebrarse la vista del 8 de febrero de 2024, el foro primario emitió una *Orden* que se notificó el mismo día, en la cual determinó que, aun cuando no hubo una orden que expresamente dejase sin efecto la paralización del 31 de julio de 2023, las actuaciones de las partes, así como del Tribunal, tuvieron el efecto de reactivar el caso y reanudar los procedimientos. En desacuerdo con el dictamen del foro primario, el 22 de febrero de 2024, el peticionario presentó su *Moción de reconsideración y en solicitud de referido a mediación.*[9] En síntesis, esbozó que el Departamento de Mitigación de Pérdidas de Firstbank se comunicó para ofrecerle una orientación y le remitió por correo electrónico las ofertas de mitigación de pérdidas. Por lo anterior, adujo que las acciones de las partes estaban dirigidas a lograr un acuerdo de modificación para la retención de la propiedad en controversia y, no para reactivar los procedimientos. Por su parte, el 29 de febrero de 2024, Firstbank presentó su *Moción en Oposición.*[10]

Luego de examinar los planteamientos presentados por las partes, el 29 de febrero de 2024, el foro primario emitió y notificó una *Resolución* en la cual declaró No Ha Lugar la *Moción de reconsideración y en solicitud de referido a mediación.*[11]

El 1 de abril de 2024, el peticionario presentó un recurso de *Certiorari* ante nos, en el cual señaló la comisión de seis (6) errores tras su inconformidad con el dictamen emitido, así como la denegatoria de la solicitud de reconsideración.

Conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones,7 este Tribunal tiene la facultad de prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración,

---

[9] Apéndice del recurso, a las págs. 255-258.
[10] *Id.*, a las págs. 261-262.
[11] *Id.*, a la pág. 263.

con el propósito de lograr su más justo y eficiente despacho". En consideración a lo anterior, eximimos al recurrido de presentar escrito en oposición al recurso de *Certiorari* ante nos.

Luego de haber evaluado el expediente en su totalidad, incluyendo, además, los dictámenes objeto de revisión, así como el derecho aplicable, no hemos encontrado que el foro primario haya actuado con prejuicio o parcialidad, que haya habido un craso abuso de discreción ni tampoco, que la determinación sea manifiestamente errónea. Es por lo anterior, que no procede nuestra intervención en esta etapa de los procedimientos. Por tanto, en virtud de lo dispuesto en la Regla 52.1 de las Reglas de Procedimiento Civil[12], y la Regla 40 del Reglamento de este Tribunal[13], acordamos denegar la expedición del auto de *Certiorari*.

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *Certiorari*.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[12] 32 LPRA Ap. V, R. 52.1.
[13] 4 LPRA Ap. XXII-B, R. 40.